UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD W. R.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

CASE NO. 3:20-cv-06074-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 23, 27, 30.

Plaintiff, Richard W. R., is a 62-year-old man with no prior employment due his involvement with the criminal justice system since a young age, who claims he cannot work due his mental impairments, which include schizoaffective disorder, anxiety, depressive disorder, and adjustment disorder. In support of his application for benefits, plaintiff submitted several medical

1    opinions from doctors and lay witness statements from his siblings, which report several

2    limitations regarding plaintiff's ability to work due to his mental impairments. However, the ALJ

3    rejected that evidence because it predated the relevant period or allegedly ignored plaintiff's

4    activities of daily living.

5          After considering and reviewing the record, the Court concludes that the ALJ erred in

6    rejecting the medical opinions and lay witness statements. Because medical opinions predating

7    the relevant period are relevant, the ALJ erred in rejecting them based solely on that reason. The

8    ALJ also erred in rejecting opinion evidence based on plaintiff's activities of daily living because

9    substantial evidence does not support the conclusion that those activities are transferable to a

10   work setting.

11         The errors are not harmless because the ALJ's evaluation of other evidence and the RFC

12   determination could well have differed had the improperly rejected opinion evidence been

13   credited. Therefore, this Court orders that this matter be remanded for further proceedings.

14                                    **BACKGROUND**

15         Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42

16   U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following

17   reconsideration. *See* AR 87–97. Plaintiff's requested hearing was held before ALJ Allen G.

18   Erickson on July 25, 2019. *See* AR 30. On October 2, 2019, the ALJ issued a written decision in

19   which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See*

20   AR 24.

21         On September 4, 2020, the Appeals Council denied plaintiff's request for review, making

22   the written decision by the ALJ the final agency decision subject to judicial review. AR 1; *see* 20

23   C.F.R. § 404.981. In November 2020, plaintiff filed a complaint in this Court seeking judicial

24

1  review of the ALJ's written decision. *See* Dkt. 4. Defendant filed the sealed administrative

2  record regarding this matter on May 5, 2021. *See* Dkt. 19.

3  **DISCUSSION**

4         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

5  social security benefits if the ALJ's findings are based on legal error or not supported by

6  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

7  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

8         Plaintiff raises the following issues: (1) whether the ALJ erred by rejecting medical

9  opinion evidence; (2) whether the ALJ erred by rejecting lay witness testimony; (3) whether the

10  ALJ erred in the RFC determination; and (4) whether the ALJ erred at step five of the sequential

11  analysis. Dkt. 23.

12         **I.       Evaluation of Medical Opinion Evidence**

13         In 2017, the Administration enacted new regulations regarding how an ALJ should weigh

14  medical opinions. For applications filed on or after March 27, 2017, the Administration has

15  directed ALJs that they are no longer to defer to medical opinions from treating or examining

16  sources (*see* 20 C.F.R. §§ 404.1527(c)), instead ALJs are to evaluate the persuasiveness of

17  medical opinions by analyzing their "supportability" and "consistency," as well as other

18  appropriate factors. 20 C.F.R. § 404.1520c(a).

19         This Court—and others—have concluded that the new regulations supplant judicial

20  precedent regarding the weight given to controverted examining and treating source opinions, to

21  the extent that there is a conflict. *See* Dkt. 20, *Mooney v. Commissioner of Social Security*, 3:19-

22  cv-05103-RBL-JRC (W.D. Wash. Feb 14, 2020), *report and recommendation adopted*; Dkt. 15,

23  *Martinson v. Commissioner of Social Security*, 3:20-cv-05149-JRC (W.D. Wash. August 25,

24

1  2020); *see also Gretchen S. v. Saul*, No. 6:19-CV-01842-IM, 2020 WL 6076265, at *4 (D. Or.

2  Oct. 15, 2020) (ruling that the broad authority conferred on the Administration by 42 U.S.C. §

3  405 means that prior judicial precedent must yield in the face of new, permissible regulations and

4  that "[a]s such, the 2017 regulations apply here and displace any case law precedent to the extent

5  required to do so."), *appeal filed* December 6, 2020; *see also Allen T. v. Saul*, No. EDCV 19-

6  1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) ("[T]he Court is mindful that it

7  must defer to the new regulations, even where they conflict with prior judicial precedent. . . .").

8  Nevertheless, the Court makes no ruling in this case about whether the specific and

9  legitimate standard of review applies herein. Resolution of this issue is not necessary to decide

10  this case: regardless of the outcome of this issue, the Court must review whether the ALJ's

11  decision is supported by substantial evidence and is free from legal error. *See Lambert v. Saul*,

12  980 F.3d 1266, 1277 (9th Cir. 2020). That is, the ALJ "must provide sufficient reasoning that

13  allows us to perform our own review, because the grounds upon which an administrative order

14  must be judged are those upon which the record discloses that its action was based." *Id.* (internal

15  citations and quotations omitted).

16  ### A.  Dr. Ruddell's Medical Opinion

17  On October 23, 2017, Dr. Alysa A. Ruddell, Ph.D., performed a psychological evaluation

18  of plaintiff and reported several limitations regarding his ability to work. AR 689–92.

19  Specifically, Dr. Ruddell diagnosed plaintiff with marked anxiety and depression, and moderate

20  insomnia and poor-quality social relationships. *Id.* at 690. She assessed a severe limitation in

21  plaintiff's ability to learn new tasks and marked limitations in his ability to communicate and

22  perform effectively in a work setting, maintain appropriate behavior in a work setting, complete

23

24

1   a normal work day and work week without interruptions from psychologically based symptoms,

2   and in his ability to set realistic goals and plan independently. *Id.* at 691.

3          The ALJ found Dr. Ruddell's opinion unpersuasive because the opinion did not "take into

4   account the effect of medication on [plaintiff's] paranoia" and because it did not account for

5   plaintiff's "demonstrated ability to handle tasks such as applying for reduced bus fair (sic),

6   taking public transportation, reading, attending appointments, and being involved in Church

7   functions." *See* AR 21. Regarding the failure to account for medication, it is unclear what the

8   ALJ is basing that assumption on. The ALJ does not cite to anything in the record to support his

9   conclusion, which prevents this Court from reviewing the ALJ's reasoning. *See Lambert*, 980

10  F.3d at 1277. Furthermore, Dr. Ruddell specifically asked plaintiff about medications during the

11  interview, which suggests that she did take medications into account. *See* AR 689 ("Medications:

12  None for a week. He said he took medications in the past. Remeron and gabapentin worked.").

13         Regarding plaintiff's activities of daily living, disability claimants should not be

14  penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v.

15  Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.

16  1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

17  The Ninth Circuit has consistently held that activities of daily living should not be used against a

18  plaintiff unless they show that the plaintiff "is able to spend a substantial part of his day engaged

19  in pursuits involving the performance of physical functions that are transferable to a work

20  setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cit. 2007) (citing *Fair v. Bowen*, 885 F.2d 597,

21  603 (9th Cir. 1989)).

22         The ALJ did not explain how applying for bus card, taking public transportation, reading,

23  attending appointments, and being involved in church activities are transferable to a work

24

setting. Further, plaintiff points to evidence in the record that suggests that plaintiff was not able to do some of these things well. For example, plaintiff needed the help of Catholic Community Services to get the bus card, he fell asleep or was yawning during the appointment with Dr. Ruddell, and plaintiff's brother reported that plaintiff's participation in church activities was sometimes socially inappropriate. *See* AR 258, 692, 829. Therefore, the ALJ's reasons for rejecting Dr. Ruddell's medical opinion are not supported by substantial evidence.

## B.  Medical Opinions from Before the Relevant Period

Plaintiff argues that the ALJ erred when he rejected the medical opinions of five doctors because "they were issued years before the start of the relevant period." AR 21. These opinions reported several severe and marked limitations on plaintiff's ability to work, such as performing activities within a schedule, maintaining appropriate behavior, learning new tasks, and setting realistic goals. *Id.* Just as "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition," medical evaluations made before the alleged onset date are similarly relevant. *See Smith v. Bowen*, 849 F.2d 1222, 1225–26 (9th Cir. 1988). Therefore, this Court concludes that the ALJ erred by rejecting these medical opinions based solely on the date that they were issued.

Defendant argues that the ALJ also rejected the medical opinions for the same reasons the ALJ rejected Dr. Ruddell's medical opinion. *See* Dkt. 27, at 9. However, the ALJ did not mention those reasons in his written decision and "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). A reviewing court "cannot affirm the

1  [Commissioner's] decision on a ground that the [Administration] did not invoke in making its

2  decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations

3  omitted).

4    **II.  Evaluation of Lay Witness Testimony**

5     Plaintiff argues that the ALJ erred when he rejected the lay witness statements from

6  plaintiff's brothers, Donald L. Wasson and Robert Reifsnyder, and plaintiff's sister, Vera

7  Brokenshire. Dkt. 23, at 17. These statements described plaintiff's limitations regarding simple

8  tasks, being on time, and his paranoia when outside. *Id.* When evaluating opinions from "other"

9  non-medical sources an ALJ may expressly disregard such lay testimony if the ALJ provides

10 "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d

11 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

12    Here, the ALJ rejected all three statements from plaintiff's siblings because they

13 "ignore[d] [plaintiff]'s ability to handle tasks such as applying for reduced bus fair (sic), taking

14 public transportation, reading, attending appointments, and being involved in Church functions."

15 AR 22. As previously discussed, the ALJ's adverse conclusion based on plaintiff's activities of

16 daily living is not supported by substantial evidence. *See supra*, section I.A. Therefore, the Court

17 concludes that the ALJ erred in rejecting the lay witness statements based on that reason.

18   **III.  Other Issues**

19    Plaintiff also argues that the ALJ erred in his RFC determination and at step 5 of the

20 sequential analysis. *See* Dkt. 23, at 5, 14, 18. Because this Court is remanding this matter further

21 proceedings, the ALJ must reassess all of the evidence and make another RFC determination. *See*

22 *also* Program Operations Manual System (POMS) GN 03106.036 *Court Remand Orders*,

23 https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited November 9, 2021) (a court order

24

1    vacating a prior decision and remanding the case voids the prior decision and thus returns the

2    case to the status of a pending claim). Thus, this Court does not address plaintiff's remaining

3    issues.

4    **IV.    Remedy**

5          "The decision whether to remand a case for additional evidence, or simply to award

6    benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.

7    1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should

8    remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir.

9    2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors,

10   it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th

11   Cir. 2017).

12         The Ninth Circuit has developed a three-step analysis for determining when to remand

13   for a direct award of benefits. Such remand is generally proper only where:

14             (1) the record has been fully developed and further administrative proceedings
               would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
15             reasons for rejecting evidence, whether claimant testimony or medical opinion; and
               (3) if the improperly discredited evidence were credited as true, the ALJ would be
16             required to find the claimant disabled on remand.

17   *Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d

18   995, 1020 (9th Cir. 2014)). However, when an ALJ errs, the proper course is to remand for

19   further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Social*

20   *Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

21         Here, it is not clear that further administrative proceedings would serve no useful

22   purpose. The ALJ will need to consider what impact the improperly rejected opinion evidence

23   will have on the evaluation of other medical opinion evidence and the ultimate RFC

24

1  determination. This type of fact-finding is a function of the ALJ. Therefore, a remand for further

2  proceedings is appropriate.

3  <strong>CONCLUSION</strong>

4  Based on these reasons and the relevant record, the Court **ORDERS** that this matter be

5  **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the

6  Commissioner for further consideration consistent with this order.

7  **JUDGMENT** should be for plaintiff and the case should be closed.

8  Dated this 12th day of November, 2021.

9

10  J. Richard Creatura
    Chief United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24